14-755-cv
*Tam Vu v. Ricardo Ruiz, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand fifteen.

PRESENT:    RALPH K. WINTER,
            JOSÉ A. CABRANES,
            REENA RAGGI,
                    *Circuit Judges.*

---

TAM VU, also known as VU TAM,[1]

      *Plaintiff-Appellant,*

      v.

RICARDO RUIZ, Doctor at MacDougall Walker
Correctional Institution, Utilization Review
Committee, ET AL.,

      *Defendants-Appellees,*

UTILIZATION REVIEW COMMITTEE, ET AL.,

      *Defendants.*

No. 14-755-cv

---

**FOR PLAINTIFF-APPELLANT:**    Tam Vu, *pro se*, Suffield, CT.

---

[1] The Clerk of Court is directed to correct the docket to reflect that Appellant's name is Tam Vu.  *See Tam Vu v. LaFrance*, No. 3:12-cv-1019 (DJS), 2014 WL 655285 at *1 n.1 (D. Conn. Feb. 19, 2014).

**FOR DEFENDANTS-APPELLEES:**     Alayna Stone, Assistant Attorney General, *for* George Jepsen, Attorney General for the State of Connecticut, Hartford, CT.

Appeal from a February 19, 2014 judgment of the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Tam Vu, proceeding *pro se*, appeals the district court's summary judgment ruling dismissing his claims, brought under 42 U.S.C. § 1983, for deliberate indifference to a serious medical need. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the non-movant. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In order to successfully substantiate a claim for deliberate indifference, a plaintiff must adequately show first that, objectively, "the alleged deprivation [was] sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exist[ed]," and secondly that, "[s]ubjectively, the official charged with deliberate indifference . . . act[ed] with a sufficiently culpable state of mind." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (citations and internal quotation marks omitted). Here, the record and relevant case law reveal that the district court correctly ruled that Vu's deliberate indifference claims failed, because he did not provide evidence showing that the defendants were made aware of serious medical needs and disregarded those needs.

We have considered all of Vu's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court for the reasons stated in the district court's well-reasoned and thorough decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2